# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: CV 10-1419-JAK (RNBx) |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| CHAPMAN UNIVERSITY and THE BOARD OF TRUSTEES OF CHAPMAN UNIVERSITY, and DOES 1-10, Inclusive, | Honorable John A. Kronstadt U.S. District Judge |
| Defendant(s). | |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Chapman University ("Chapman") and the Board of Trustees of Chapman University (the "BOT") (collectively, "Defendants"), hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve the Commission's complaint filed against Defendants in case number CV 10-1419-JAK (RNBx) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that Defendants and Does 1 - 10 subjected Charging Party Stephanie Dellande to unlawful employment practices based on race, Black.

The EEOC alleged Defendants discriminated against Charging Party Stephanie Dellande, Ph.D., based on her race, Black, in violation of Section 703(a) of Title VII, when she was denied promotion to a tenured position, Associate Professor in Chapman University's George Argyros School of Business and

Economics (the "ASBE"), and provided a final, one-year, terminal appointment. Defendants deny the EEOC's allegations.

On April 5, 2012, this Court granted summary judgment in favor of Defendants. The judgment is not final due to the EEOC's timely filing of a Notice of Appeal, which appeal is unresolved.

## I. PURPOSE AND SCOPE

A. The parties to the Decree are Plaintiff EEOC and Defendants Chapman University and the Board of Trustees of Chapman University (collectively, the "Parties"). The scope of this Decree shall include Chapman's ASBE. This Decree shall be binding on and enforceable against Chapman and its officers, directors, agents, successors, and assigns.

B. The Parties have consented to resolve this action by entry of this Decree for the following purposes:

1. To avoid the expensive and protracted costs incident to litigation;
2. To provide monetary and injunctive relief as consideration for the settlement of the action;
3. To ensure that Chapman's employment practices comply with Title VII;
4. To ensure training for ASBE's managers and employees with respect to their obligations under Title VII; and
5. To insure that Chapman provides an appropriate and effective mechanism for handling discrimination complaints in the workplace.

## II. RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in the Action.

1  B.     Nothing in this Decree shall be construed to preclude any party from
2  bringing suit to enforce this Decree in the event that any party hereto fails to
3  perform the promises and representations contained herein.
4  C.     Nothing in this Decree shall be construed to limit or reduce Defendants'
5  obligations to comply fully with Title VII or any other federal employment statute.
6  D.     This Decree in no way affects the EEOC's right to bring, process,
7  investigate or litigate other charges that may be in existence or may later arise
8  against Defendants in accordance with standard EEOC procedures, or the rights of
9  Defendants to respond to or defend against any such future charges or claims.
10
11                         **III.  JURISDICTION**
12 A.     The Court has jurisdiction over the Parties and the subject matter of this
13 lawsuit.  The Complaint asserts claims that, if proven, would authorize the Court to
14 grant the equitable relief set forth in this Decree.
15 B.     The terms and provisions of this Decree are fair, reasonable and just.
16 C.     This Decree complies with the Federal Rules of Civil Procedure and Title
17 VII, and is not in derogation of the rights or privileges of any person.
18 D.     The Court shall retain jurisdiction of this action during the duration of the
19 Decree for the purposes of entering all orders, judgments and decrees that may be
20 necessary to implement the relief provided herein.
21
22              **IV.  EFFECTIVE DATE AND DURATION OF DECREE**
23 A.     The provisions and agreements contained herein are effective immediately
24 upon the date that this Decree is entered by the Court ("the Effective Date").
25 B.     Except as otherwise provided herein, this Decree shall remain in effect for
26 two years after the Effective Date.
27
28

## V. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. In the interests of justice and fairness, this Decree may be amended or modified by mutual agreement of the Parties to effectuate the provisions of this Decree.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

A. The parties expressly agree that the Commission may bring a motion before the Court to enforce the Decree if the Commission has reason to believe that Defendants have failed to comply with any provision of this Decree. Prior to initiating such action, the Commission will notify Defendant(s) and its legal counsel of record in writing of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes Defendant(s) has breached. Defendant(s) shall have thirty (30) days to attempt to resolve or cure the breach. The Parties can agree to extend this period upon mutual consent.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the Commission's written notice.

C. If the thirty (30) day period has passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute. The Commission may seek all available relief from the Court,

Case 8:10-cv-01419-JAK-RNB Document 117 Filed 06/20/14 Page 5 of 17 Page ID #:4945

including but not limited to an extension of the term of the Decree and/or any other relief the Court deems appropriate.

### VII. MONETARY RELIEF

A. Chapman shall pay a total of $75,000 (Seventy-Five Thousand Dollars) in settlement of this lawsuit (the "Settlement Sum") to be paid to Stephanie Dellande. Payment shall be made in accordance with written instructions to be provided by EEOC to Defendant within ten (10) days of the Effective Date of this Decree.

B. The Parties agree that Dr. Dellande fully mitigated any economic loss resulting from the challenged tenure decision, and as such, the EEOC has designated the Settlement Sum as intended to compensate Dr. Dellande for non-wage compensatory damages. The parties agree this designation is reasonable in light of the claims advanced on behalf of Dr. Dellande and the evidence of Dr. Dellande's alleged damages. Chapman shall prepare and distribute 1099 tax reporting forms to Dr. Dellande for the Settlement Sum pursuant to IRS rules and regulations.

C. The settlement check and tax forms shall be mailed by Chapman to Dr. Dellande at an address to be provided by the EEOC to Chapman. Within three (3) business days of the mailing of the settlement check, Chapman shall submit a copy of check and the tax forms to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

### VIII. VICTIM SPECIFIC RELIEF

A. **Promotion to Associate Professor**

Within ten (10) days after the Effective Date, Chapman shall retroactively promote Stephanie Dellande to Associate Professor in the ASBE effective January

1 1, 2007, without a change in compensation.  The parties acknowledge that
2 reinstatement is not sought or required.
3
4          **IX.   GENERAL INJUNCTIVE RELIEF**
5 A.    **Non-Discrimination**
6      1.    Race Discrimination
7     Chapman, its officers, members of the Board of Trustees, administrators,
8 managing officials, supervisory employees, successors, and assigns, are hereby
9 enjoined from: (a) discriminating against persons on the basis of race in the terms
10 and conditions of employment; (b) engaging in or being a party to any action,
11 policy or practice that is intended or is known to them to have the effect of
12 harassing or intimidating any employee on the basis of race; and (c) creating,
13 facilitating or permitting the existence of a work environment that is hostile to
14 employees on the basis of race.
15      2.    Retaliation
16     Chapman, its officers, members of the Board of Trustees, administrators,
17 managing officials, supervisory employees, successors, and assigns, are hereby
18 enjoined from engaging in, implementing or knowingly permitting any action,
19 policy or practice with the purpose of retaliating against any current or former
20 employee or applicant of Chapman because he or she has in the past, or during the
21 term of this Decree has, in good faith: (a) opposed any practice made unlawful
22 under Title VII; (b) filed a charge of discrimination alleging such practice; (c)
23 testified or participated in any manner in any investigation (including without
24 limitation, any internal investigation undertaken by Chapman) or proceeding in
25 connection with this case and/or relating to any claim of a Title VII violation; (d)
26 was identified as a possible witness or claimant in this action; (e) asserted any
27 rights under this Decree; or (f) sought and/or received any relief in accordance with
28 this Decree.  This provision does not prohibit Chapman from reporting, or

instituting a civil action against, any individual(s) who breached, or may have breached, Chapman policy or a fiduciary or other duty to Chapman.

B. **<u>Equal Opportunity Officer</u>**

Chapman has designated its internal Equal Opportunity Officer ("EO Officer"), currently Maya Omar, to oversee the terms of this Decree. Chapman shall bear all costs associated with the selection and retention of the EO Officer, including the performance of her duties. For the duration of the Decree, the EO Officer's duties include, *inter alia*:

1. Reporting to the Vice President of Human Resources regarding the status of formal complaints of discrimination from ASBE employees/faculty members and Chapman's tenure review process. As used in this Decree, "formal complaint" means a complaint made by a Chapman employee pursuant to the complaint procedure in Chapman's Harassment and Discrimination Policy or a charge filed with the EEOC or DFEH by a present or former employee of Chapman that is received by Chapman;

2. Ensuring that training is conducted as required by this Decree;

3. Ensuring that Chapman's anti-discrimination and retaliation policies, and complaint procedures are in compliance with Title VII and this Decree;

4. Ensuring that all ASBE employees, including faculty members and supervisory employees, are trained on their rights and responsibilities under Title VII and this Decree, in accordance with the requirements of Section IX.F. of this Decree;

5. Ensuring that Chapman's procedures for formal complaints comply with this Decree;

6. Monitoring and assisting with any investigation of any formal complaints of discrimination based on race/color and/or retaliation to ensure compliance with this Decree;

7. Ensuring communications with complainants under Chapman's Harassment and Discrimination Policy regarding the complaint procedure, status of the complaint, status of the investigation, results of the investigation, and whether remedial action has been taken;

8. Ensuring that Chapman maintains a centralized system of tracking of all formal complaints and any grievances by ASBE faculty members asserting that that they were denied tenure in violation of Chapman's Harassment and Discrimination Policy; and

9. Ensuring that Chapman's disciplinary policies hold employees and managers accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree.

C. **Policies Concerning Discrimination and Retaliation**

1. <u>Policies and Distribution.</u>

Within sixty (60) days of the Effective Date, Chapman shall review, and if necessary, revise, its policies on discrimination and retaliation.

As part of the review, Chapman shall review its policies for the following:

a. A clear statement that expressly prohibits discrimination on the basis of race, color, national origin, sex, age, disability, religion, or any other prohibited category in all terms, conditions and benefits of employment along with examples;

b. An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

c. A clearly described complaint process that provides alternative avenues for complaints with contact information clearly provided.  The description of the complaint process shall also include: (i) the address and telephone numbers of internal (<u>i.e.</u>, appropriate human resources personnel) (ii) contact information

for external agencies (i.e., the EEOC's Los Angeles District Office and/or DFEH) to whom persons may report discrimination and retaliation; and (iii) a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management.

  d. An assurance that Chapman will protect the confidentiality of discrimination and retaliation complaints to the fullest extent possible;

  e. A complaint process that provides a prompt, thorough, and impartial investigation;

  f. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

  g. Assurance that Chapman will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred;

  h. Assurance that Chapman's disciplinary policies hold employees accountable for failing to take corrective action that is determined to be necessary based upon a finding that harassment/discrimination and/or retaliation has occurred; and

  i. Assurance that Chapman's disciplinary policies hold employees accountable for engaging in conduct prohibited under Title VII.

These policies shall be distributed to all of Chapman's employees, faculty members, deans, academic administrators, and members of the Board of Trustees. These policies shall also continue to be referenced in the CHAPMAN UNIVERSITY FACULTY MANUAL and shall be accessible electronically in hard copy or via Chapman's intranet to all of Chapman's employees, faculty members, deans, academic administrators, and members of the Board of Trustees. These policies shall be issued to new employees at the time of hire. Chapman shall confirm re-

distribution of these policies no later than ninety (90) days after the Effective Date and annually thereafter should there be any additional revisions. These policies shall apply to all Chapman employees.

    2. <u>Centralized Tracking of Complaints</u>

The EO Officer shall ensure the Chapman centrally tracks and retains all formal complaints. This tracking shall include the names of the individuals alleging discrimination, harassment or retaliation, the nature of the discrimination, harassment or retaliation alleged, the names of the alleged perpetrators, the department(s), the dates of the alleged discrimination, harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the person(s) who investigated or resolved each complaint.

    3. <u>Challenges to Tenure Decisions in the ASBE</u>. The EO Officer shall ensure that Chapman centrally tracks and retains all faculty grievances received by Chapman challenging the outcome of any tenure decision in the ASBE. This tracking shall include the names of the tenure candidates raising a grievance or formal complaint, the basis of the grievance or complaint, the date of the tenure decision at issue, a brief summary of how the complaint or grievance was resolved, and the identity of the person(s) who investigated or resolved each complaint or grievance.

D. **Posting**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Chapman shall post a notice (attached as Exhibit "A") of the terms of this Decree in at least two clearly visible locations within the ASBE that are frequented by Chapman's employees and faculty members of the ASBE.

E. **Vice President of Human Resources**

Within ninety (90) days of the entry of this Decree, Chapman shall implement a process whereby the Vice President of Human Resources shall receive

regular reports of the information gathered pursuant to Section IX.C.2 of this Decree.  The Vice President of Human Resources shall review these reports for the purpose of identifying any trends the Vice President of Human Resources concludes require action by the University.  The Vice President of Human Resources will prepare a summary of any relevant trends indicated by these reports, and of any action taken as a result of such analysis, and shall provide this report to the Chief Operating Officer.

F. **Equal Employment Opportunity Training**

   1. <u>ASBE Employees</u>

   By December 31, 2014, all of Chapman's employees in the ASBE, shall be required to attend a live, interactive training program of at least sixty (60) minutes with regard to compliance under Title VII.  The training shall be mandatory, and shall be offered at least once per year during the pendency of this Decree.  This mandatory training shall include coverage of the subjects of equal employment opportunity rights and responsibilities under Title VII, including race/color discrimination, harassment, retaliation, and Chapman's current policies and procedures for reporting and handling complaints of discrimination.  The training will be conducted by qualified internal trainers or outside trainers, at Chapman's option.

   2. <u>Faculty and Administrators Involved in the ASBE Tenure Review Process.</u>

   By December 31, 2014, all faculty members and administrators at Chapman that play a formal role in making decisions or recommendations regarding candidates for tenure within the ASBE shall be required to attend a live, interactive training program.  This mandatory training shall include coverage of the subjects of equal employment opportunity rights and responsibilities under Title VII,

including race/color discrimination, harassment, retaliation, Chapman's current policies and procedures for reporting and handling complaints of discrimination, and how to recognize and limit the role of unlawful bias in the tenure review process and employment decision making processes generally. Training on these topics shall be at least 60 minutes. The training will be conducted by qualified internal trainers or outside trainers, at Chapman's option.

      3.    <u>General Provisions Regarding Training.</u>

      a.    To comply with this Decree, Chapman may schedule training sessions on two different days and make attendance at one of the two sessions mandatory for covered employees, faculty members and administrators. Individuals attending the training described in Section IX.F.2 shall not be required to attend the employee training described in Section IX.F.1. Chapman will invite adjunct faculty in the ASBE to attend the employee trainings, but nothing in this Decree shall require that adjunct faculty in the ASBE attend either training.

      b.    All attendees shall verify their attendance at the designated training classes in writing.

      c.    Chapman shall maintain a record of all documents verifying the occurrence of all training/meeting sessions and the names and positions of all attendees for each session as described above.

      d.    By October 31, 2014, Chapman shall submit to the Commission a description of all the trainings/meetings and an outline of the curriculum developed for the sessions outlined above.

      e.    Chapman shall give the Commission a minimum of twelve (12) business days advance written notice of the date, time, and location of each training program provided pursuant to this Decree.

      f.    A copy of the training and the curriculum shall be provided to the EEOC under its annual reporting section or 12 days prior to the initial training

being conducted.  The EEOC may comment on the training materials or curriculum.

## X. RECORD KEEPING AND REPORTING

A. **Record Keeping**

Chapman shall comply with all applicable record keeping and reporting laws relating to the collection and reporting of employment information for purposes of anti-discrimination laws.

Chapman shall also maintain a record-keeping procedure that provides for the centralized tracking of formal complaints of discrimination in the ASBE, the monitoring of such complaints, and the status/outcome of such complaints.  The records to be maintained shall include all documents generated in connection with any formal complaint made by any employee of the ASBE during the duration of the Decree, including documents related to the investigation into, or resolution of, each such complaint and the identities of the parties involved.

Consistent with its existing practice, Chapman shall retain the tenure review files for all ASBE faculty members considered for tenure during the term of this Decree.

B. **Reporting**

In addition to the notices to the EEOC specified above, Chapman shall provide the following reports to the EEOC in writing, by mail or facsimile:

1. Within ninety (90) days after the Effective Date, Chapman shall submit to the EEOC an initial report that contains:

   a. A summary of the procedures and record-keeping methods in place for centralized tracking of formal discrimination complaints and the monitoring of such complaints; and

1       b.     A statement confirming that the required notices pertaining to this
2 Decree and Chapman's discrimination and harassment policy, with any revisions
3 made as a result of the terms of this Decree, have been posted and/or distributed;
4       2.     Within ninety (90) days after the termination date of this Decree,
5 Chapman shall also provide the following information to the Commission, to the
6 extent not previously provided:
7       a.     The attendance lists of all attendees for all training and meeting
8 sessions required under this Decree;
9       b.     Documentation of Chapman's distribution of its harassment and
10 discrimination policy to all employees; and
11       c.     A description of all discrimination/harassment complaints made by
12 employees in the ASBE submitted in accordance with Chapman's policy against
13 harassment and discrimination or the Chapman University Faculty Manual during
14 pendency of this Decree. This description shall include the names of the
15 individuals alleging discrimination or harassment, the nature of the discrimination
16 or harassment, the identity of the person(s) accused of discrimination or
17 harassment if that person has been previously accused of discrimination or
18 harassment during the pendency of this Decree, the dates of the alleged
19 discrimination or harassment, a brief summary of how each complaint was
20 resolved, and the identity of the person(s) who investigated or resolved each
21 complaint;
22       d.     A report of the outcome of all tenure decisions made relating to ASBE
23 faculty during the pendency of this Decree, including the faculty member's race;
24 and
25       e.     A report by the Vice President of Human Resources of any actions
26 taken based upon the analysis required by Section IX.E. of this Decree.
27
28

## XI. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE AND ATTORNEY'S FEES

Chapman shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree. Each party shall bear its own court costs and attorneys' fees.

## XII. MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Chapman shall ensure that each of its officers, managers and supervisors is aware of any term(s) of this Decree that may be related to his/her job duties.

B. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

C. This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

D. The parties agree to entry of this Decree and judgment subject to final approval by the Court.

1   All parties, through the undersigned, respectfully apply for and consent to
2   the entry of this Consent Decree Order.
3
4              *                              *                              *
5
6   The provisions of the foregoing Consent Decree are hereby approved and
    compliance with all provisions thereof is **HEREBY ORDERED.**
7   **IT IS SO ORDERED.**
8
9
10  Date:  June 20, 2014          _____
11                                    The Honorable John A. Kronstadt
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Status Line: (866) 408-8075
Los Angeles Direct Dial: (213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118
Website: www.eeoc.gov

Exhibit A

## NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:   ALL EMPLOYEES OF CHAPMAN UNIVERSITY'S GEORGE L. ARGYROS SCHOOL AND BUSINESS AND ECONOMICS

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Chapman University and its Board of Trustees, Case Number CV 10-1419 JAK (RNBx). The EEOC filed the lawsuit on behalf of a former employee of the Argyros School of Business and Economics (ASBE) who alleged that she was discriminated against on the basis of her race (Black) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Chapman University settled the case by entering into a "Consent Decree" with the EEOC and paying monetary relief.

Pursuant to the Consent Decree, Chapman University is placing employees of the ASBE on notice that any violations of its EEO policy against discrimination and harassment will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All ASBE employees will undergo training to prevent unlawful discrimination and harassment towards employees.

Federal law requires that there be no discrimination and/or harassment against any employee or applicant for employment because of that individual's race, sex, color, religion, disability, age (if over 40) or national origin, with respect to hiring, compensation, promotion, discharge, terms and conditions or privileges of employment.

Chapman University is committed to complying with federal anti-discrimination laws in all respects. Chapman University will not tolerate discrimination or harassment on the basis of race, religion, color, sex, national origin, disability, or age against any employee or applicant for employment. Chapman University will also not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

If you believe that you have been discriminated against or harassed because of a disability or because of your sex, national origin, age, race, color, or religion, you may follow Chapman University's internal procedure for addressing such discrimination and harassment and/or you may seek assistance from:

      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      255 East Temple Street, 4th Floor
      Los Angeles, CA 90012
      TELEPHONE NUMBER: (800) 669-4000